PROB 12C
(6/16)

Report Date: April 26, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2024

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Dustin Duane Pearson　　　　Case Number: 0980 2:20CR00063-SAB-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: February 26, 2021

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) | |
| Original Sentence: | Prison - 39 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (September 5, 2023) | Prison - 3 months; TSR - 33 months | |
| Asst. U.S. Attorney: | Earl A. Hicks | Date Supervision Commenced: September 14, 2023 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: June 13, 2026 |

## PETITIONING THE COURT

To issue a warrant.

On October 12, 2023, a United States probation officer reviewed a copy of the conditions of supervision with Mr. Pearson as outlined in the judgment and sentence. Mr. Pearson signed his judgment acknowledging an understanding of those conditions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

1　　　　**Mandatory Condition #2**: You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

　　　　**Supporting Evidence**: It is alleged that Mr. Pearson violated the terms of his supervised release by consuming marijuana on or about April 2, 2024.

　　　　On April 3, 2024, Mr. Pearson reported to the probation office and submitted to a random urinalysis sample which tested positive for marijuana. The sample was sent to the regional laboratory for further confirmation. On April 16, 2024, the sample provided by Mr. Pearson returned positive for marijuana. Mr. Pearson signed an admission form admitting to smoking marijuana.

Prob12C
**Re: Pearson, Dustin Duane**
**April 26, 2024**
**Page 2**

| | | |
|---|---|---|
| 2 | | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

**Supporting Evidence**: It is alleged that Mr. Pearson violated the terms of his supervised release by consuming controlled substances, specifically methamphetamine and cocaine, on or about April 2, 2024.

On April 3, 2024, Mr. Pearson reported to the probation office and submitted to a random urinalysis sample for methamphetamine and cocaine. The sample was sent to the regional laboratory for further confirmation. On April 16, 2024, the sample provided by Mr. Pearson returned positive for methamphetamine and cocaine. Mr. Pearson signed an admission form admitting the use of controlled substances.

| | | |
|---|---|---|
| 3 | | **Special Condition #6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: It is alleged that Mr. Pearson violated the terms of his supervised release by consuming alcoholic beverages on or about April 2, 2024.

On April 3, 2024, Mr. Pearson was asked about his sobriety following a positive urine sample. Mr. Pearson admitted to consuming alcohol and signed an admission form.

| | | |
|---|---|---|
| 4 | | **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Pearson allegedly violated the above-stated condition of supervision by failing to submit to urinalysis testing on April 15, 2024, at Pioneer Human Services (PHS).

PHS reported Mr. Pearson failed to provide a sample during his allotted time frame, resulting in a stalled test on April 15, 2024.

| | | |
|---|---|---|
| 5 | | **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: Mr. Pearson allegedly violated his conditions of supervised release by failing to report for treatment services at Pioneer Human Services (PHS) on April 16, 2024.

Prob12C
**Re: Pearson, Dustin Duane**
**April 26, 2024**
**Page 3**

On April 16, 2024, the undersigned officer received communication from PHS staff that Mr. Pearson was not present for scheduled services on that date.

6     **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Pearson allegedly violated his conditions of supervised release by failing to report for treatment services at Pioneer Human Services (PHS) on April 23, 2024.

On April 23, 2024, the undersigned officer received communication from PHS staff that Mr. Pearson was not present for scheduled services on that date.

7     **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Pearson allegedly violated the above-stated condition of supervision by failing to submit to urinalysis testing on April 23, 2024, at Pioneer Human Services (PHS).

Mr. Pearson is enrolled in random drug testing with PHS. He is expected to call the testing line daily to determine if he is to test that same day between 7 a.m. and 7 p.m.

PHS reported Mr. Pearson failed to appear for testing on April 23, 2024.

8     **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Pearson allegedly violated the above-stated condition of supervision by failing to report for a scheduled office appointment on April 25, 2024.

On April 3, 2024, Mr. Pearson was given instructions for reporting to the United States Probation Office on April 25, 2024. He confirmed his understanding by accepting the appointment. Regretfully, Mr. Pearson failed to report as directed.

On April 25, 2024, attempts to contact Mr. Pearson were unsuccessful as his phone number provided an automatic recording stating; "the number you are trying to reach is disconnected or no longer in service."

Prob12C
Re: Pearson, Dustin Duane
April 26, 2024
Page 4

| | | |
|---|---|---|
| 9 | **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. | |

**Supporting Evidence**: Mr. Pearson allegedly violated the above-stated condition of supervision by failing to notify the undersigned officer of his change in residence.

On April 25, 2024, the undersigned officer successfully contacted Mr. Pearson's spouse in attempts to reach him. The undersigned learned Mr. Pearson had removed himself from the residence 2 weeks prior. Mr. Pearson's spouse stated the family has not heard from him nor do they have any knowledge of his whereabouts.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    04/26/2024

s/Mark E. Hedge

Mark E. Hedge
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

4/26/2024

Date